ROBERT W. CARTER, ADM'R OF W. G. CARTER *vs.* W. H. TUCK, ADM'R OF SAMUEL FOWLER.—*December* 1845.

The plaintiff declared for sundry matters and things, properly chargeable in account, as per account filed, and for money paid, &c. At the trial of the cause, under the general issue, he abandoned his account. HELD: that under the money count, he might give evidence of money paid, not included in the account filed.

The account filed by a plaintiff, with a count in his declaration for sundry matters and things, properly chargeable in account, is not a bill of particulars, though it is an essential part of such count.

It is the office of a bill of particulars, to inform the defendant what is claimed under each count in the nar, be they many or few.

Under the 4th sec. of the act of 1835, ch. 201, in cases of contract, a verdict under one hundred dollars, will not sustain the jurisdiction of the county court.

APPEAL from *Prince George's* county court.

This was an action of *assumpsit*, commenced on the 28th April 1841, by *Samuel Fowler*, in his life time, against the appellant. The pleadings are sufficiently stated in the opinion of this court. The declaration claimed damages in the sum of $1000. The jury found a verdict for $63. The defendant moved for a judgment of *non pros.*, which the court overruled, and rendered judgment for the damages claimed, to be released on payment of the verdict, interest, and costs.

Carter *vs.* Tuck.—1845.

EXCEPTION. The plaintiff to maintain the issue on his part joined, having abandoned his account filed with the declaration, offered to prove, by one *William Watson*, that the plaintiff's intestate, in his life time, the said *Samuel Fowler*, and the said *William G. Carter*, agreed, that the said *Samuel* should pay to the witness the sum of fifty dollars, which, by agreement between the said *Carter*, in his life time, and the said witness, the said *William G. Carter* owed, and agreed to pay to the said witness; and that under an agreement, between the said *Fowler* and the said *W. G. C.*, and the witness, and at the instance and request of said *W. G. C.*, the said *S. F.*, in his life time, paid the said sum of fifty dollars to the said witness, some time in the year 1839.

The defendant objected to the said evidence going to the jury, as inadmissible, under the pleadings in the cause, and prayed the court to instruct the jury, that the plaintiff was not entitled to recover for any claim or sums of money, except those specified and included in his account, filed with his declaration, which instruction the court, (C. DORSEY, A. J.,) refused to give, and permitted the said evidence to go to the jury, as evidence under the issues joined on the count or counts; and were of opinion, and so instructed the jury, that the plaintiff, upon the money counts in his declaration, was entitled to recover for the said sum of fifty dollars, if they believed from the evidence aforesaid, that the said sum of fifty dollars was paid to the witness, by the said *Samuel Fowler*, as aforesaid, in the life time of the said defendant's intestate; to which opinion of the court, and their instruction to the jury, and their permitting the said evidence to go to the jury, the defendant excepted.

The defendant appealed to this court.

The cause was argued before ARCHER, C J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By T. F. BOWIE for the appellant, and
By W. H. TUCK for the appellee.

32    v.3

SPENCE, J., delivered the opinion of this court.

This was an action of *assumpsit* in *Prince George's* county court.

The declaration contained a count for sundry matters and articles properly chargeable in account—the common money counts; there was, also, an account filed with the declaration. The defendant pleaded *non assumpsit*.

The exception sets forth, that at the trial the plaintiff abandoned the account which he had filed with his declaration, and proved by a witness that the plaintiff's intestate, at the instance and at the request of the defendant's intestate, paid to the witness fifty dollars.

To which evidence the defendant, by his counsel, objected, as inadmissible under the pleadings in this cause, and prayed the court to instruct the jury, that the plaintiff was not entitled to recover any claim or sums of money, except those specified and included in his account filed with his declaration; which instruction the court refused to give, but were of opinion, and so decided, that it was evidence under the common counts.

Our first enquiry is, therefore, whether there was error in this judgment of the county court?

The counsel for the appellant insisted, that the account filed by the plaintiff in this case was, if not identical with, at least so far like a bill of particulars, as to serve the office, and have the same legal effect in pleading, as a bill of particulars. We think the account filed in this case is distinguishable from a bill of particulars. It is the office of a bill of particulars, to extend to, and inform the antagonist party, what is claimed under each count in the nar, be they many or few, whereas the account filed in this case forms an essential part of the first count in the nar, and without which it would be defective: it shews what the matters and articles properly chargeable in account, as set forth in this count, were; and does not, like a bill of particulars, profess to inform the defendant, with particularity, what is claimed under every count in the declaration; for these reasons the evidence was properly admitted under the common counts. We make this decision, after having fully considered the case so much relied on in the argument,

of *De Sobrey, Ex'r of De Laistree vs. De Laistree*, 2 *Har. & Johnson*, 191.

The question of jurisdiction raised in this case we consider settled by the decision in the case of *Beall and Black*, December term 1843, where this court say, "in cases of contract a different principle seems to have prevailed, and in all such cases, the sum recovered, and not the matter put in demand, is made to decide the question of jurisdiction."

From this rule no departure has been made by the act of 1835. "In all cases of debt or contract, expressed or implied, it is the real debt or damage which founds the jurisdiction."

By the 4th section of the act of 1835, it is provided, "that if any plaintiff brings such action in the county court, and the verdict of the jury is for a sum not exceeding the sum herein before limited and prescribed (namely, $100,) for the extent of the jurisdiction of the district court, in the several actions herein respectively specified, judgment shall, in such case he given for the defendant with costs." We are of the opinion, therefore, that the judgment of the court below is erroneous; that it should have been for the defendant with costs.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.